CLERK
DISTRICT & BANKRUPTCY
COURTS FOR DC

2023 MAY 22 P 6: 34

RECEIVED

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**
333 Constitution Avenue NW
Washington D.C. 20001

|  |  |
|---|---|
| **Alissandra G. Nastri,** *Pro Se*<br>6419 Julian St, Springfield, VA 22150<br>Telephone: (703) 569-0414<br>Plaintiff,<br>*v.*<br>**United States**<br>c/o U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 | Date: May 22, 2023<br>CIVIL ACTION No.<br><br>Case: 1:23-cv-01085 JURY DEMAND<br>Assigned To : Kollar-Kotelly, Colleen<br>Assign. Date : 5/22/2023<br>Description: Employ. Discrim. (H-DECK) |

## COMPLAINT [1]

**COMES NOW**, Alissandra G. Nastri (née Geliga), *pro se* (Plaintiff), hereafter,

Mrs. Nastri, Complainant, or Plaintiff; a U.S. Citizen since birth, with all the rights

thereunto appertaining; a permanent Federal Executive Branch civil service

employee; an individual of protected races, colors, disabilities, sex, national

origins, and retaliation for prior protected activity (and that of her family); an

individual of FMLA-qualifying conditions and events; against the United States

government, and actors to be determined; for violating the United States

Constitution, the Family and Medical Leave Act (FMLA), 29 U.S.C. Ch. 28; the

Federal Employees' Compensation Act (FECA), 5 U.S.C. 8101; Title VII of the

---

[1] Any inclusion herein, or here through, including by reference or attachment, and for the remainder of these proceedings, does not otherwise constitute a waiver of any of the plaintiff's or her family's other rights related to that information; or, to the underlying processes or proceedings which it was otherwise designed or utilized for.

Civil Rights Act of 1964 (Title VII), including section 717 therein; the Rehabilitation Act of 1973, including section 501 therein, and as related, the Americans with Disabilities Act (ADA), 42 U.S.C. Ch. 126; the Notification and Federal Employee Antidiscrimination and Retaliation (No FEAR) Act of 2002, Pub. L. 107-174; the Whistleblower Protection Act , Pub. L. 101-12, as amended, *et seq*, and, Title 5, U.S. Code of Federal Regulations (CFR), "Basic Obligation of Public Service," including subparts 2635.101(b)(13) and 2635.101(b)(14) therein; for violations of the Privacy Act, 5 U.S.C. §552a, and unlawful misuse of medical records and related information; and, the related criminal violations, *inter alia*, criminal retaliation against a witness 18 USC § 1513, and criminal obstruction of FECA 18 USC § 1922; and including but not limited to other provisions which make it unlawful to retaliate against an employee for reporting such discrimination, or related retaliation or other violations; in or for assisting others in similar protected activity; and, related laws, federal regulations, and agency rules and regulations which implement or otherwise concern these; and otherwise as are enforceable within the Court's jurisdiction; and, to retain rights for a trial by jury.[2]

Plaintiff contends that, *inter alia*, the U.S. Office of Special Counsel (OSC), the U.S. Merit Systems Protection Board (MSPB), the U.S. Equal Opportunity

---

[2] Certain matters, e.g., FMLA and Privacy Act violations, and motions, may be best and first handled solely by a Judge, whereas the discrimination claims may be better handled via a trial by jury; to be determined.

Employment Commission (EEOC), and the U.S. Department of Justice (DOJ) –
and current or former employees in their professional and in some cases individual
personal capacities were responsible for unconstitutional or otherwise unlawful
acts that harmed the Plaintiff, both directly, and through her immediate family.[3]

Overview

Plaintiff has been a bar-licensed attorney and Federal employee since 2006;
and assigned to the employing agency, OSC, as an attorney therein, since 2007;
unlawfully removed from service in 2020, after the government (including OSC,
EEOC and MSPB) not only unlawfully deprived her Constitutional and other rights
and obstructed her administrative remedies – but after OSC both criminally
retaliated against the Plaintiff, and illegally deprived the President and his
Secretary of Labor of their rights and responsibilities to the Plaintiff in related
matters; and thereafter, where the government, including (including OSC, MSPB
and DOJ) obstructed Plaintiff's Constitutional and other rights, including by
deceiving this Honorable Court.[4]

---

[3] At this time, and until further discovery, Plaintiff cannot discern whether the U.S. Department of Labor (DOL) is an implicated subject, or similarly a victim of OSC, DOJ, *et al's* misconduct.

[4] Plaintiff incorporates prior referenced matters, information and proceedings by reference, and brings these cases, and prior intentions, including EEOC and discrimination claims, forward through this case.

Without exception, Plaintiff had been one of the Employing Agency's highest performing and intrinsically valuable attorneys throughout her working tenure, with not just all satisfactory, but exceptional performance and unblemished evaluations and other regards documenting such, through multiple agency heads, through multiple (Republican or Democrat) administrations, and for every year.

However, the record will also reflect that for much of this time, the government, and actors thereof, unlawfully prevented Plaintiff from receiving promotions and other benefits, while instead promoting those more junior, less experienced and less qualified than Plaintiff – but who were not of Plaintiff's protected classes and protected activity, and while the agency also otherwise disparately subjected her (and her family) to retaliation, harassment, a hostile workplace or other harm, with similar actions and harms continued by the government after Plaintiff was putatively no longer even an employee, and simply a citizen of the United States.

Plaintiff concurrently also had an unblemished conduct record throughout same, by the government's own stipulation in other proceedings, with no discipline. However, the evidence will also demonstrate that after Plaintiff or her immediate family engaged in protected activity that enjoined related government actors, they, *et al*, retaliated or otherwise unlawfully mistreated the Plaintiff and her family.

Plaintiff's attempts to exercise her rights, prosecute, secure due process, and or utilize administrative or judicial remedies were all unlawfully obstructed by the government, and actors in their professional capacities, but some of whom Plaintiff believes are liable in their personal capacities as well.[5]

Moreover, evidence confirmed **on this date** demonstrates that these matters did not just end in 2020, or during proceedings in the follow-on years (which Plaintiff contends to have been unfairly misunderstood or deprived through), but continue to date as part of as ongoing and continuing practice which the evidence will show.[6]

And unfortunately, due to the government's misconduct, Plaintiff and her family have to date, and ongoing, been deprived the means and medical care they need to live and survive, let alone retain the guidance and services of counsel, or otherwise best proceed with this honorable Court.

Plaintiff intends to further develop these matters as best and soon as she can be assisted to do so, and notices this Honorable Court that a critical **Writ**, requiring priority, is also being motioned to this Court, upon which Plaintiff's abilities to

---

[5] See for example, including, but not limited to, *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971)
[6] See Plaintiff's inclusive companion Priority Motion for Writ of Mandamus, Etc., May 22, 2023, which both necessitates process in this case, and also demonstrates for this Court examples of the government's unlawful acts.

successfully prosecute partly rest, and of which the government prior knowingly, unlawfully and even unconstitutionally obstructed her ability to so perform from.

Proviso

Please excuse any typos, technical deficiencies, omissions or other errors herein, and provide leave or other accommodations thereto and ongoing.  Pleadings and related matters have been and are being developed, at great expense to the health of Plaintiff and her family, and to other matters, not only *Pro Se*, but by those with disabilities which make doing so prohibitive, painful, or, as in Plaintiff's case to try to do by herself, impossible.  However, these matters require the process and protection of the Court, and information herein requires the truth, borne by the light of day, to help ensure the proper administration of justice, and the protection of those, like Plaintiff and her family, who need it, all of which this Court hopefully facilitates and helps to ensure. [7]

Plaintiff (and her family), who have physically and cognitively impairing disabilities, requests all necessary leave for this pleading, *et seq*, and in this case, and all possible reasonable accommodations from this Court. [8]

---

[7] While all has been technically submitted and signed by Mrs. Nastri, due to her ongoing and incapacitating disabilities, she must utilize the help of a non-attorney family member for pleadings and other papers, as is her right and need.  Though not as incapacitated as Mrs. Nastri, her assisting family member is also significantly disabled – disabilities which were also caused or enhanced by many of the same actors in the immediate case.  Moreover, during and arguably because of these matters, both have developed potentially life-threatening medical conditions.
[8] *Id.*

Here through, the Plaintiff also respectfully reminds the Attorney General of the United States that while aspects of his department *may* have duties to defend implicated government actors; his higher duty is for his criminal division to pursue these actors for any criminal violations; his also higher duty is to the President of the United States who as an interest in ensuring that government agencies and other government actors who commit misconduct and violate the President's own rules, regulations and other guidance are held accountable; and, his highest duty is to protect the people, like the Plaintiff, and their Constitutional Rights.

Alissandra G. Nastri, *Pro Se*

## CERTIFICATE OF SERVICE

On the filing date, May 22, 2023, the foregoing was delivered to this Court via:

Clerk, U.S. District Court
333 Constitution Avenue, NW
Washington, DC 20001
Telephone: (202) 354-3000

Or, other onsite repository for the Court, or as provided or directed thereto.

And within the day to be mailed to:

Merrick Garland, Attorney General
c/o Matthew M. Graves, Esq.
U.S. Attorney for the District of Columbia
601 D Street, NW
Washington, DC 20001
Telephone: (202) 252-7566

Damian R. Nastri

p.p.

Alissandra G. Nastri
6419 Julian Street
Springfield, VA 22150
Telephone: (703) 569-0414