UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALISSANDRA G. NASTRI,<br>　　　　Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>　　　　Defendant. | Civil Action No. 23-1085 (CKK) |

MEMORANDUM OPINION
(June 12, 2023)

For the second time, Plaintiff has filed a largely inscrutable complaint alleging workplace misconduct by her prior employer, the United States Office of Special Counsel. On December 2, 2021, the Court dismissed without prejudice Plaintiff's first action for want of prosecution. The Court ordered Plaintiff to file an amended complaint that, unlike her original, delineated her claims for relief and provided sufficient notice of the factual basis for each claim. Plaintiff failed to make any filing, and Plaintiff's belated second attempt fares no better than her first. Therefore, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint here pursuant to Federal Rule of Civil Procedure 8(a).

On May 19, 2020, Plaintiff, proceeding *pro se*, filed a 158-page complaint against Defendant's Henry Kerner, Special Counsel, and the United States Office of Special Counsel ("OSC"), appearing to allege the same facts as here. *Compare generally* Compl., ECF No. 1, *Nastri v. Kerner*, Civ. A. No. 20-1334 (CKK) (D.D.C.) *with* Compl. ECF No. 1, *Nastri v. United States*, Civ. A. No. 23-1085 (May 22, 2023) *and* "Priority Mot. for Writ of Mandamus, Etc.[,]" ECF No. 3 (May 22, 2023). Broadly, Plaintiff alleges that she suffered various adverse employment actions during her tenure with OSC. At least in part, Plaintiff's allegations pertained to purported instances of discrimination and promotional disputes within OSC, as well as alleged

1

acts of retaliation related to the apparent whistleblowing activity of Plaintiff and her husband. Plaintiff's complaint, in part by incorporating by reference her prior filings in the first action and her motion for a writ of mandamus in this action, invokes a number of federal statutes *seriatim*, including the Family and Medical Leave Act, Title VII of the Civil Rights Act of 1964, the Federal Employees' Compensation Act, the Rehabilitation Act, the Americans with Disabilities Act, the Notification and Federal Employee Antidiscrimination and Retaliation Act, the Whistleblower Protection Act, and certain federal regulations. Compl. at 1-2.

Plaintiff's first complaint was particularly prolix, measuring 158 pages and 380 paragraphs of unnumbered, confusing, rambling, and repetitive allegations largely untethered from the federal statutes that may or may not provide a cause of action. *Nastri v. Kerner*, Civ. A. No. 20-1334 (CKK), 2021 WL 6844256, at *2 (D.D.C. Dec. 2, 2021). The Court afforded Plaintiff an opportunity to file a more succinct and comprehensible complaint. *Id.* Yet she failed to do so, even after the Court granted multiple extensions. *Id.* Plaintiff having failed to prosecute her prior case, the Court dismissed the first action without prejudice on December 2, 2021. *Id.* at 3.

Plaintiff has returned for another try. Yet, here, Plaintiff has traded verbosity for indefiniteness. The instant complaint totals only eight pages, but it still does not place Defendant on notice of the basis for her claims, as Federal Rule of Civil Procedure 8(a) requires. The complaint here does little more than name a number of federal laws and, in conclusory fashion, claim boilerplate government misconduct. For example, without tying the allegation to a particular cause of action, Plaintiff claims without factual basis that "Plaintiff or her immediate family engaged in protected activity that enjoined related government actors, they, *et al*, [sic] retaliated or otherwise unlawfully mistreated the Plaintiff and her family." Compl. at 4. Even "[t]hreadbare recitals of the elements of a cause of action," combined with "mere conclusory statements," do not

satisfy the strictures of Rule 8.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff's conclusory statements, *without* even recitals of the elements of *some* cause of action, cannot sustain the complaint.  Nor can Plaintiff's complaint be sustained where the Court cannot determine from tis fact, like each of Plaintiff's earlier pleadings, "'which allegations of fact are intended to support which claim(s) for relief[,]'" much less which of the named statutes Plaintiff actually intends to be a particular cause of action.  *See Jiggetts v. District of Columbia*, 319 F.R.D. 408, 417 (D.D.C. 2017) (KBJ).

Therefore, the Court must **DISMISS WITHOUT PREJUDICE** Plaintiff's complaint and **DENY WITHOUT PREJUDICE AS MOOT** Plaintiff's concomitant [3] Priority Motion for Writ of Mandamus, Etc."  An appropriate order accompanies this Memorandum Opinion.

Date:   June 12, 2023
                                                       /s/
                                                       **COLLEEN KOLLAR-KOTELLY**
                                                       United States District Judge